UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LACEY D. RIEBER                                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:10CV-431-S

MICHAEL J. ASTRUE                                                                             DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Lacey D. Rieber filed this action seeking review of the final decision of the Commissioner of Social Security denying her disability insurance and supplemental security income ("SSI") benefits. 42 U.S.C. § 405(g). This matter is before the court for consideration of the report and recommendation of the United States Magistrate Judge that the denial of Rieber's claims for benefits be affirmed. Rieber has filed objections to the magistrate judge's report.

Reiber was injured in a motorcycle accident on May 9, 2005, and suffered a shattered ankle which required several corrective surgeries and resulted in an area of avascular necrosis (bone death) in the talus bone and degenerative changes. Mag. Rpt., p. 8.[1] Rieber alleges that she became disabled on May 9, 2005 at age 25 as a result of her ankle injury; neck, back and hip pain; stress and depression; migraines; and a tumor on her pituitary gland. (AR 177).

In determining whether a claimant is entitled to benefits, the Administrative Law Judge ("ALJ") must determine whether the claimant is disabled, and if found disabled at any point in the process, must determine whether the disability continues through the date of decision. On May 21,

---

[1]The basic underlying facts of this case are undisputed and will therefore be drawn from the magistrate judge's report. Other citations are to the administrative record ("AR").

2009, the ALJ found that the claimant had been under a closed period of disability from May 9, 2005 through March 31, 2008. He found that as of April 1, 2008, Rieber had experienced medical improvement related to her ability to work, and that she had the residual functional capacity to perform sedentary work. Mag. Rpt., p. 9.

The magistrate judge addressed a number of claims of error in the ALJ's decision. Rieber has now raised three objections to the magistrate judge's findings:

1. The magistrate judge erred in failing to recommend that the denial of benefits be overturned. Rieber contends that she was entitled to a "trial work period" ("TWP") and her 2008 and 2009 employment constituted an "unsuccessful work attempt" under the regulations which should not have been considered as evidence of her ability to work.

2. The magistrate judge erred in failing to find that she met the requirement of "ineffective ambulation" and thus erroneously approved the ALJ's finding that she had not establish a Listed Impairment. *Listing* 1.00B2b(2).

3. The magistrate judge erroneously approved the ALJ's failure to give appropriate weight to the opinion of Rieber's treating physician, Dr. Keith Myrick.

Rieber contends that the ALJ should have considered her sedentary clerical jobs in 2008 and 2009 as a potential TWP. She urges that because the regulations provide that "...earnings from an unsuccessful work attempt will not show that you are able to do substantial gainful activity," (20 C.F.R. § 404.1574(a)(1)), the ALJ should not have considered Rieber's 2008 and 2009 employment in finding that she was no longer disabled. She contends that therefore the ALJ's decision must be overturned.

The Commissioner contends that the ALJ's failure to evaluate Rieber's 2008 and 2009 employment as a potential trial work period (and the magistrate judge's subsequent approval of the ALJ's findings) constituted harmless error. The Commissioner urges that other medical evidence was properly relied upon by the ALJ to find that Rieber was no longer disabled. The regulations provide that, at any time during a TWP, new evidence may establish that a claimant is no longer disabled. 20 C.F.R. § 404.1592(e)(3)(The Commissioner "may find that your disability has ended at any time during the TWP if the medical or other evidence shows that you are no longer disabled.").

The ALJ relied upon such additional bases for finding medical improvement in Rieber's condition as of April 1, 2008. As of April 2008, (1) Rieber was no longer taking even over-the-counter medications on a persistent basis, and (2) while limited in standing and walking, her day-to-day activities were consistent with a sedentary lifestyle supported the ALJ's finding of medical improvement. The magistrate judge correctly identified these other bases in his report. Mag. Rpt., p. 21.

As noted in *Rabbers v. Commissioner [sic] Social Security Administration*, 582 F.3d 647, 654 (6th Cir. 2009), "courts are not required to 'convert judicial review of agency action into a ping-pong game' where remand would be an idle and useless formality." 582 F.3d at 654, *quoting NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n. 6, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969). There was substantial evidence of medical improvement cited by the ALJ in finding that Rieber was no longer disabled. The court therefore rejects the portion of the magistrate judge's opinion that concludes that Rieber would not have been entitled to a TWP. The magistrate judge erroneously relied upon *Mullis v. Bowen,* 861 F.2d 991 (6th Cir. 1998) which has been limited in scope by later 6th Circuit

authority. However, we find the error harmless in light of the additional facts relied upon by the ALJ to support his finding of medical improvement as of April 2008, and that remand is unnecessary.

Finally, contrary to the contention of Rieber, the magistrate judge did not indicate that a claimant must utilize two canes, a walker, or crutches in order to demonstrate ineffective ambulation under the regulations. The magistrate judge concluded that (1) the ALJ's characterization of the medical records of Dr. Myrick as internally inconsistent or contradictory was not in error, and (2) the clinical records do not portray Rieber as an individual with the limitations set forth in Dr. Myrick's March 19, 2009 report. Mag. Rpt., p. 15. The magistrate judge quoted at length from the ALJ's findings in regard to Dr. Myrick's report:

> While on the surface Dr. Myrick's residual functional capacity in Exs. 23F and 24F suggests the claimant meets Listing criteria, controlling weight is not given to this opinion due to the internal inconsistencies within. For instance, Dr. Myrick opined the claimant could not ambulate without the use of a hand-held device that *limited the functioning of both upper extremities*; however, he conversely noted the *claimant did not require bilateral upper limb assistive devices such as two crutches, two canes or a walker*. While he noted she could not sustain a reasonable walking pace over a sufficient distances to carry out activities of daily living, he did find her capable of traveling without companion assistance to and from work, using standard public transportation, carrying out routine ambulatory activities such as shopping and banking, and that she was able to climb a few steps using a handrail. The evidence of record does not support a finding the claimant is unable to ambulate effectively. While it is reasonable that the claimant would have some degree of pain, the record shows intermittent use of pain medications throughout 2008, and the claimant's testimony suggests she is not adhering to any pain medications at present. The record does not support her testimony as to significant swelling in the ankle. Her description of her day to day functioning indicates sedentary work is within her capability. She remains able to engage in routine daily living tasks such as light household chores, cooking, cleaning, laundry, shopping, and driving. She can watch television and use the computer. Lastly, to date the claimant has declined to undergo any further surgeries, even though such have been discussed. She has not apprised any physician that her nighttime sleep is disrupted every hour or that she naps in the daytime due to pain.

Mag. Rpt., p. 14.  The magistrate judge correctly found that ample evidence supported the ALJ's decision to discount Dr. Myrick's report.  Further, the ALJ's conclusion was supported by substantial evidence that Rieber did not meet the criteria for Listing 1.02A defining a "Major Dysfunction of a Joint(s) due to any cause," 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, among which is the requirement that she be unable to "ambulate effectively."  The magistrate judge listed various inconsistencies in the treatment and other medical records, concluding that "[t]he clinical records simply do not portray an individual with the limitations set forth in Dr. Myrick's March 19, 2–9 report."  Mag.Rpt. pp. 14-15.

The magistrate judge also correctly concluded that there was no requirement that the ALJ recontact Dr. Myrick when he determined that there were inconsistencies in Dr. Myrick's report.  20 CFR §§ 404.1512(e) and 416.912(e) provide that an ALJ recontact a medical source when the evidence or records provided by the source are inadequate to determine whether the claimant is disabled.  As noted by the magistrate judge, the ALJ did not find the report inadequate, but rather found it to be internally inconsistent, inconsistent with other evidence, and therefore unreliable.

For the reasons set forth hereinabove, the report and recommendation of the magistrate judge will accepted and adopted with the exception noted herein, and the Commissioner's denial of the plaintiff's claim for benefits will be affirmed.  A separate judgment will be entered this date in accordance with this opinion.